[Cite as *Denham v. Columbus City Schools*, 2026-Ohio-2956.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Robert Denham, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 25AP-980 |
| v. | : | (C.P.C. No. 24CV-8642) |
| Columbus City Schools, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on July 31, 2026

**On brief:** *Hillard M. Abroms,* for appellant. **Argued:** *Hillard M. Abroms.*

**On brief:** *Adam C. Sims*, and *Jamie A. Belisle*, for appellee. **Argued:** *Adam C. Sims.*

APPEAL from the Franklin County Court of Common Pleas

BOGGS, P.J.

{¶ 1}   Plaintiff-appellant, Robert Denham, appeals the November 25, 2025 decision and entry of the Franklin County Court of Common Pleas, which granted the motion to dismiss of defendant-appellee, Columbus City Schools.  For the reasons that follow, we affirm the trial court's judgment.

## I.  PROCEDURAL HISTORY AND FACTS

{¶ 2}   Denham was employed by Columbus City Schools as a custodian until he was terminated in 2008.  In 2022, Denham was again hired by Columbus City Schools as a custodian.  On August 28, 2023, Denham received a letter from Columbus City Schools informing him that he was ineligible for continued employment pursuant to R.C. 3319.391.  The letter stated that he was immediately released from his employment with the district.  In Franklin C.P. case No. 85CR-2933, Denham was convicted of aggravated robbery, in

violation of R.C. 2911.01, which is an "absolute bar offense" under Adm.Code 3301-20-03(A)(6).

{¶ 3} On November 8, 2024, Denham filed a complaint in the Franklin County Court of Common Pleas for declaratory judgment, seeking a declaration that Columbus City Schools wrongfully terminated him in violation of Ohio law. Denham argued that his termination was in contravention of Adm.Code 3301-20-03(C), which states that while a district shall terminate an employee that has been convicted of an absolute bar offense, in this circumstance, " '[t]his division shall not apply to any convictions that the district learned about prior to the effective date of this rule.' " (Emphasis deleted.) (Nov. 8, 2024 Compl. for Declaratory Jgmt. at ¶ 9, quoting Adm.Code 3301-20-03(C).) In his complaint, Denham stated that he was hired after he made a full disclosure of his criminal history, including the aggravated robbery, and that "[h]e was terminated as a result of ambiguous policy changes but was later rehired." *Id.* at ¶ 6.

{¶ 4} On December 16, 2024, Columbus City Schools filed a motion to dismiss Denham's complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted. It argued that Denham's prior conviction barred him from working at any school district in Ohio under R.C. 3319.391. It further argued that disclosure of Denham's conviction does not affect the prohibition and, therefore, Denham failed to state a claim for which relief could be granted.

{¶ 5} On December 19, 2025, the trial court granted Columbus City Schools' motion to dismiss. The court found that Columbus City Schools was "permitted to take corrective action upon learning of an improper rehiring, especially when the mistake involves a violation of statutory law." (Nov. 25, 2025 Decision at 4.) The court determined that there was "no real controversy between the parties or justiciable issue and dismissal [was] appropriate." *Id.*

{¶ 6} Denham now appeals the trial court's December 19, 2025 decision.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Denham argues the following assignments of error:

> 1. The trial court erred as a matter of law by failing to apply the plain language of [Adm.Code] 3301-20-03(C).
>
> 2. The trial court erred by concluding that appellee "learned" of appellant's conviction despite longstanding prior knowledge.

3. The trial court erred by effectively imposing an improper retroactive application of law.

4. The trial court erred in dismissing appellant's declaratory judgment action where a real, justiciable controversy exists.

## III. DISCUSSION

{¶ 8} In Denham's assignments of error, he argues that the trial court erred in dismissing his complaint. An appellate court applies a de novo standard of review to a trial court's decision granting a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. Under the de novo standard, we independently review the record and afford no deference to the trial court's decision. *Brust v. Franklin Cty. Sheriff's Office*, 2015-Ohio-5090, ¶ 5 (10th Dist.), citing *State v. Romage*, 2012-Ohio-3381, ¶ 6 (10th Dist.). "In reviewing whether a motion to dismiss should be granted, we accept as true all factual allegations in the complaint." *Perrysburg Twp.* at ¶ 5, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "A complaint should not be dismissed unless it appears 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *Lunsford v. Sterilite of Ohio, L.L.C.*, 2020-Ohio-4193, ¶ 22, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, syllabus (1975).

{¶ 9} However, a trial court's dismissal of a declaratory judgment action regarding the question of justiciability, as such is the case here, is reviewed under an abuse of discretion standard. *Mid-Am. Fire & Cas. Co. v. Heasley*, 2007-Ohio-1248, paragraph two of the syllabus, following *Bilyeu v. Motorists Mut. Ins. Co.*, 36 Ohio St.2d 35, 37 (1973), *Arnott v. Arnott*, 2012-Ohio-3208. A trial court's holdings on other questions of law remain subject to de novo review. *Arnott* at ¶ 13.

{¶ 10} In Denham's first and second assignments of error, he argues that the trial court ignored and misinterpreted the language of Adm.Code 3301-20-03(C). We first turn to the text of the administrative code, which states:

> A district shall release an employee from employment upon learning that he/she has been convicted of an absolute bar offense. This division shall not apply to any convictions that the district learned about prior to the effective date of this rule.

Adm.Code 3301-20-03(C).

{¶ 11} Denham first argues that the trial court failed to apply the plain language that this "shall not apply to any convictions that the district learned about prior to the effective date of this rule." (Emphasis deleted.) (Nov. 8, 2024 Compl. for Declaratory Jgmt. at ¶ 9, quoting Adm.Code 3301-20-03(C).) In other words, Denham reads this language to determine that a school district may not terminate an employee that has a conviction for an absolute bar offense if the school district knew about the conviction prior to Adm.Code 3301-20-03(C) taking effect in 2020. Denham's complaint indicated that Columbus City Schools was aware of his conviction when he was first terminated in 2008.

{¶ 12} We note that a court interprets an administrative rule in the same manner it would interpret a statute. *McFee v. Nursing Care Mgmt. of Am., Inc.*, 2010-Ohio-2744, ¶ 27. We first look to the plain language of the administrative rule. *Sugarcreek Twp. v. Centerville*, 2012-Ohio-4649, ¶ 19; *In re M.W.,* 2012-Ohio-4538, ¶ 17. When that language is unambiguous, we apply the administrative rule as written. *Id.* " 'The interpretation of statutes and administrative rules should follow the principle that neither is to be construed in any way other than as the words demand.' " *State ex rel. Baroni v. Colletti*, 2011-Ohio-5351, ¶ 18, quoting *Morning View Care Ctr.-Fulton v. Ohio Dept. of Human Servs.*, 2002-Ohio-2878, ¶ 36 (10th Dist.).

{¶ 13} We find the language of Adm.Code 3301-20-03(C) to be unambiguous, and we find Denham's interpretation to be an oversimplification of the administrative regulation's language. As Columbus City Schools points out, the regulatory language states that the mandatory release from employment language "shall not apply." (Emphasis deleted.) (Nov. 8, 2024 Compl. for Declaratory Jgmt. at ¶ 9, quoting Adm.Code 3301-20-03(C).) Contrary to Denham's argument, this does not *prohibit* a district from releasing an employee but instead gives a school district discretion in the release or retention of an employee. Denham's interpretation is also at odds with R.C. 3391.391(D), which states:

> Any person who is the subject of a criminal records check under this section and has been convicted of or pleaded guilty to any offense described in division (B)(1) of section 3319.39 of the Revised Code shall not be hired or shall be released from employment, as applicable, unless the person meets the rehabilitation standards adopted by the state board under division (E) of that section.

{¶ 14} Denham also briefly argues that the administrative code language turns on the phrase "upon learning." (Dec. 25, 2024 Pl.'s Memo Contra Def.'s Mot. to Dismiss at 3.) He argues that Columbus City Schools had previous knowledge of Denham's conviction and, therefore, was not releasing him from employment "upon learning" of his criminal record in 2023. However, as we have already discussed, the language in Adm.Code 3301-20-03(C) *does not prohibit* the release of an employee by a school district. In fact, absent meeting the rehabilitation standards as adopted by the State Board of Education, Columbus City Schools was bound by R.C. 3319.391(D) to release Denham from employment. As Columbus City Schools argues, and we agree, Adm.Code 3301-20-03(C) does not apply when an ineligible individual was mistakenly rehired. We do not interpret Adm.Code 3301-20-03(C) to force school districts to retain mistakenly hired, ineligible employees. We therefore find no abuse of discretion by the trial court and overrule Denham's first and second assignments of error.

{¶ 15} Denham's third assignment of error argues that the trial court improperly imposed a retroactive application of Adm.Code 3301-20-03(C). Denham argues that the trial court's reasoning that Columbus City Schools could take corrective action for Denham's mistaken rehiring does not override Ohio's retroactivity doctrine in *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100 (1988). However, as we have already determined, Adm.Code 3301-20-03(C) was not applicable in this circumstance, nor has R.C. 3319.391 been found to be a retroactive law. In *Doe v. Ronan*, 2010-Ohio-5072, the Supreme Court of Ohio found that R.C. 3319.391 is prospective in application, as it does not "go back to the date of the employee's initial hire, terminate that person effective as of the hire date, and eliminate any of that person's accrued benefits." *Doe v. Ronan*, 2010-Ohio-5072, ¶ 27. The Supreme Court further held that R.C. 3319.391 "does not impair, in Doe's circumstances, any vested right to continued employment." *Id.* ¶ 28. Such is the case here. Denham does not argue that he had a vested right to continued employment or that he was deprived of retirement credits, pay, or other benefits accrued during his time as an employee of Columbus City Schools. We therefore overrule Denham's third assignment of error.

{¶ 16} Denham's final assignment of error argues that the trial court erred in determining there was no justiciable controversy in question and thereby dismissing his

complaint. As already discussed in Denham's first and second assignments of error, Columbus City Schools was bound by R.C. 3391.391 to release Denham from employment due to his disqualifying offense. We therefore overrule Denham's fourth assignment of error.

## IV.  CONCLUSION

{¶ 17}  Having overruled all four of Denham's assignments of error, we affirm the decision of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LELAND and DINGUS, JJ., concur.